# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CARDENAS and MACHELLE CARDENAS, individuals; and EL PASEO GRANDE, LLC, an Arizona limited liability company,<br><br>    Plaintiffs,<br><br>vs.<br><br>ROBERTSON WHITTEMORE, individually and as trustee of the SUZANNE WHITTEMORE MARTIAL TRUST U/D/T/, DATED APRIL 27, 1995, as trustee of the SUZANNE WHITTEMORE BYPASS TRUST U/D/T, DATE APRIL 27, 1995, and as trustee of the ROBERTSON WHITTEMORE LIVING TRUST, DATED APRIL 27, 1995, and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. 10cv1808-LAB-KSC<br><br>**ORDER GRANTING UNOPPOSED MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DAVID VAN ATTA** |

    In its final pretrial order, the Court gave Plaintiffs leave to file a motion in limine to exclude the expert testimony of David Van Atta. The motion was to be filed no later than February 5, and Defendants were permitted to oppose it no later than February 7. (Docket no. 98, § XIV.) The parties requested an early ruling on this to avoid the unnecessary expense of having Van Atta travel to San Diego for trial, if his testimony were inadmissible.

    Plaintiffs timely filed their motion, arguing that Van Atta's proffered testimony would merely give his own legal conclusions concerning the proper interpretation of the Declaration

of Restrictions. In other words, Plaintiffs seek to prevent Van Atta from testifying as an expert as to the legal effect of the Declaration.

Although a witness' testimony may embrace an ultimate issue for the trier of fact, Fed. R. Evid. 704(a), an expert witness cannot given an opinion as to the witness' legal conclusions; deciding the applicable law is the exclusive province of the Court. *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (citing *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004); and Fed. R. Evid. 702); *McHugh v. United Service Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999) (expert testimony regarding proper interpretation of written agreement was inadmissible).

Because the case will be tried to the Court without a jury, the introduction of inadmissible evidence is not so serious a problem as it would be in a jury trial. *See Harris v. Rivera*, 454 U.S. 339, 346 (1981) ("In bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions.") Nevertheless, it is the practice of federal courts to exclude inadmissible evidence when the issue is raised. *See, e.g., CIT Group/Business Credit, Inc. v. Graco Fishing & Rental Tools., Inc.*, 815 F. Supp. 2d 673, 678 (S.D.N.Y. 2011) (granting motion in limine to exclude from bench trial an expert's testimony giving his legal conclusion).

Defendants did not file an opposition to the motion, so it appears they either concede Plaintiffs' reasoning is correct, or have abandoned their plans to offer Van Atta's testimony.[1] In any case, the Court agrees with Plaintiffs that the proffered testimony giving Van Atta's own legal conclusions would not be helpful to the Court, *see* Fed. R. Civ. P. 702, and is not admissible. The motion in limine is **GRANTED** and the testimony it describes is **ORDERED EXCLUDED**.

Van Atta's expert report, which is attached to the motion, shows that he has extensive experience drafting declarations of covenants for real estate projects in California, and could

---

[1] Defendants were to have provided the Court with a witness list by Thursday, February 7 (*see* Final Pretrial Order, § XV), but the Court has not yet received it.

testify concerning customs and practices in this industry. The motion does not seek to exclude that testimony, and experts are usually permitted to offer such testimony (assuming it is otherwise admissible). *See Actuate Corp. v. Aon Corp.*, 2012 WL 22585187, slip op. at *1 (N.D.Cal., June 18, 2012) ("Subject to Rule 403, it is usually proper for an expert to explain custom and practice to a jury.") It is of course Defendants' decision whether to call Van Atta to offer this limited testimony, and such testimony might be the subject of other objections.

**IT IS SO ORDERED**.

DATED: February 8, 2013

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge